UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE W. CARLISLE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CV00678 AGF |
| | ) | |
| MISSOURI HIGHWAYS AND | ) | |
| TRANSPORTATION COMMISSION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the cross motions of the parties for summary judgment.[1] Plaintiff George Carlisle, an African-American male who was approximately 58 years old during the relevant time period, alleges in his pro se complaint, as amended, that Defendant Missouri Highways and Transportation Commission discriminated against him by failing to hire him due to his race, gender, and age. He asserts that Defendant selected persons who were less qualified, younger, not members of a minority race, and not male. Plaintiff seeks "hiring, back wages, compensatory damages, punitive damages and such other relief as the Court would allow under Title VII of the Civil Rights Act of 1964." By Court Order dated October 10, 2006, Plaintiff's claim of age discrimination was dismissed, based, in part, on Eleventh Amendment immunity. Doc. #20. For the reasons set forth below, Defendant's motion for summary judgment shall be granted and

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

Plaintiff's motion for summary judgment shall be denied.

## BACKGROUND

The record establishes the following. Beginning on March 14, 2005, Defendant advertised a job opening for the position of Assistant to the District Engineer for District Six. This position is a supervisory position responsible for the supervision of approximately 71 employees, seven of whom are supervisors as well. The position is second only to the District Engineer in terms of rank within the district, and the Assistant stands in the District Engineer's stead when he/she is unavailable. In addition, the Assistant is responsible for overseeing the human resources, accounting, budgeting, procurement, safety, computer support, and equipment management functions for District Six. The position was available to both internal and external candidates.

Defendant received 82 applications for the position, including Plaintiff's. Due to the large volume of applications received, District Six human resources personnel established a screening panel to screen the applications to ensure that applicants met the minimum qualifications for the position, and to select the eight to ten best applicants who would be granted an interview. The screening panel consisted of four members. Each member independently reviewed the application materials submitted by each applicant, using the same criteria for each, and recorded a vote as to whether he/she should receive an interview. The screening panel determined that 42 applicants, including Plaintiff, met the minimum criteria for the position.

Two spreadsheets were prepared, one for internal candidates and one for external candidates, listing criteria, such as education and experience, to aid the screening panel in

keeping track of the applicants and their respective qualifications. These spreadsheets only listed the names of the applicants. All of the other columns were blank so that they could be filled in by the screening panel members. After reviewing the application materials of each applicant separately, the screening panel met to review the information and make a decision as to whom to invite for an interview. Nine applicants were eventually selected for an interview. Seven of these were internal candidates, and two were external candidates. Also, six of these nine applicants were female. Plaintiff was not chosen for an interview.[2]

According to the April 18, 2007 affidavit of Melissa Hubbs, Senior Human Resources Specialist in District Six, after the screening panel met to decide whom to interview, the information recorded on the individual spreadsheets was consolidated into a master spreadsheet. This master spreadsheet mistakenly indicated that Plaintiff had extensive experience in purchasing and no experience in "IS"(computer information systems), when the reverse was true.

After interviewing the nine candidates, the interview panel made a consensus recommendation that Teresa McGuff, an internal candidate who was a Caucasian female and 49 years of age at the time, was the best candidate for the position. Based on the interview panel's recommendation, Ed Hassinger, the District Engineer for District Six,

---

[2] The Court notes that in his memorandum in support of his motion for summary judgement, Plaintiff states on the first page that he interviewed for the position. However, on the next page, Plaintiff states that he was prevented from being interviewed, and all other materials, including affidavits from both sides, establish that Plaintiff did not receive an interview.

selected McGuff for the position. She accepted the position on June 7, 2005.

Plaintiff's application packet for the position in question included a Missouri Department of Transportation application for employment, a copy of his resume, a form showing that he was honorably discharged from the Marines in 1972 after six years of service, and his academic transcripts. Plaintiff's resume described his educational background, employment history, and his certifications and training. His resume states that Plaintiff received a Bachelor's degree, and had completed graduate courses towards a Masters degree, in business administration. His work history showed that Plaintiff had approximately 29 years of work experience, including 16 years of small business corporate management experience, nine years of "PC/Network" experience, and four years of network administrator computer experience. The resume also showed that Plaintiff had training as a Microsoft Certified Systems Engineer, Microsoft Certified Professional + Internet, Brainbench Certified Windows NT Administrator, and in Windows 2000 Professional & Server.

In its answer to Plaintiff's interrogatories, Defendant stated that it did not hire Plaintiff because other applicants possessed superior qualifications relative to the position as compared to those reported by Plaintiff in his employment application materials. Pl. Ex. P10, answer to interrog. 2. In his deposition dated January 23, 2007, Plaintiff stated that he did not report all of his experience in his application materials because it would have come up in an interview. Plaintiff also stated that prior to discovery, he had no knowledge about who was given the position he sought, or about that person's

4

qualifications. Plaintiff acknowledged that according to the evaluation procedure used by Defendant, McGuff was qualified for the position. Also, Plaintiff stated that he did not know exactly how Defendant discriminated against him, but that he knew that there was a mistake in the "consolidated data" pertaining to his candidacy, and he attributed this to some combination of his race, age, and gender. Carlisle Depo. 86, 87, 90, 93.

## **ARGUMENTS OF PARTIES**

Defendant argues that it is entitled to summary judgment because Plaintiff has failed to raise an issue of material fact. Defendant claims that there is no direct evidence of racial and/or gender discrimination. Moreover, Defendant claims that even if Plaintiff has met the requirements for a prima facie case of discrimination (which Defendant does not concede), Defendant has offered a legitimate, non-discriminatory reason for not hiring Plaintiff. Defendant claims that Plaintiff has not offered any argument or facts which put Defendant's articulated reason into question. Defendant also argues that there is no evidence which shows that Defendant discriminates against men, or that something other than an applicant's qualifications was used in Defendant's determination of whom to interview for the position in question.

In response, Plaintiff summarily states that there are disputes of material fact relating to Defendant's motion for summary judgement. Plaintiff claims that he was more qualified in the areas of formal university education, business work experience, computer work experience, computer industry certifications, military service, and Missouri state certifications than the person hired by Defendant. Plaintiff further argues that Defendant

5

"chose to misrepresent his qualifications," and hired a less qualified person who was younger, female, and not a member of a minority race. Plaintiff summarily states that he has met the requirements for establishing a prima facie case of discrimination. Also, Plaintiff argues that the fact that six of the nine candidates interviewed were female shows Defendant's bias towards women.

In reply, Defendant argues that there is no evidence that race or gender played a role in who was selected to receive an interview. Defendant explains that it made a clerical error when it marked on its master spreadsheet that Plaintiff had extensive experience in purchasing and no experience in IS. Defendant states that the columns on the master spreadsheet denoting these criteria are adjacent to each other, and Defendant made the clerical error by marking the wrong column. Defendant further states that the decision to not interview Plaintiff was made prior to the time when the screening panel would have seen the error on the master spreadsheet. Defendant also claims that the areas in which Plaintiff had more experience than McGruff were not areas that involve the prime type of experience for the position.

In support of his own motion for summary judgment, Plaintiff argues that there are no genuine issues of material fact relating to his claims against Defendant. Plaintiff summarily states that he has met the requirements for a prima facie case of discrimination, and asserts that Defendant has failed to articulate a legitimate, non-discriminatory reason for not interviewing him. He also claims that he was much more qualified than the person hired for the position, and that hiring the less qualified person

shows pretext. In support of this argument, Plaintiff elaborates on his experience in the positions noted on his resume. For example, he states that while in the Marine Corps, he supervised work groups of four to 30 persons, and was responsible for administrative duties such as personnel record keeping. Also, Plaintiff argues that Defendant chose to misrepresent his qualifications, and that since Defendant failed to offer evidence to the contrary, the proffered reason is pretext.

In response, Defendant first argues that Plaintiff filed his motion one day late and that Plaintiff has been warned about filing motions late in a previous lawsuit. Next, Defendant argues that it merely made a data entry error when filling out its master spreadsheet. Defendant again asserts that the screening panel did not see the completed master spreadsheet before making its decision regarding who to interview. Defendant further argues that any information that Plaintiff did not submit with his application materials is not relevant to the summary judgement determination, that Plaintiff's belief that he is more qualified does not create an inference of pretext, and that there are no facts to suggest that McGuff was less qualified for the position in question.

In reply, Plaintiff argues that neither party should be granted summary judgment. He claims that points made in the earlier pleadings concern matters of fact, not matters of law, and therefore should be decided at trial.

## **DISCUSSION**

### **Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary

judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, a court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the record. Tademe v. Saint Cloud State Univ., 328 F.3d 982, 986 (8th Cir. 2003); Mayer v. Nextel West Corp., 318 F.3d 803, 806 (8th Cir. 2003). The court "must not weigh evidence or make credibility determinations." Kenney v. Swift Transp., Inc., 347 F.3d 1041, 1044 (8th Cir. 2003). The moving party bears the burden of showing the absence of a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

When a motion for summary judgment is made and properly supported by evidence, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that there is "a genuine issue for trial." Fed. R. Civ. P. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v Zenith Radio Corp., 475 U.S. 574, 587 (1986). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Because

8

discrimination cases often turn on inferences rather than direct evidence, summary judgment should be "cautiously granted" in such cases. Jacob-Mua v. Veneman, 289 F.3d 517, 520 (8th Cir. 2002); see also Mayer, 318 F.3d at 806.

**Plaintiff's Discrimination Claims**

Under Title VII, it is unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Plaintiff claims that Defendant's decision not to hire him (or even grant him an interview) as the Assistant to the District Engineer was based on his race as an African-American and on his gender. His claim is not founded on any direct evidence of discrimination, but instead rests on the fact that the person hired was white and female. Under these circumstances, Plaintiff's Title VII failure to hire claim must be analyzed using the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

Under this framework, the employee has the burden of establishing a prima facie case, showing that (1) he is a member of a protected class; (2) he was qualified to perform his duties; (3) he suffered an adverse employment action; and (4) circumstances give rise to an inference of discrimination, as similarly situated employees, who are not members of the protected group, were treated more favorably. Sallis v. Univ. of Minn., 408 F.3d 470, 475 (8th Cir. 2005). The prima facie case creates a rebuttable presumption of discrimination. Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248 (1981).

If an employee establishes a prima facie case, the burden of production shifts to the employer, who must rebut the presumption of discrimination with evidence of a legitimate, non-discriminatory reason for the challenged action. If the employer meets that burden, the employee may prevail by proffering evidence that the employer's reason was a pretext for intentional discrimination. Sallis, 408 F.3d at 475. Pretext may be shown directly, by showing that the employer was more likely motivated by a discriminatory reason, or indirectly, by showing the employer's explanation is unworthy of credence. Rose-Maston v. NME Hosps., Inc., 133 F.3d 1104, 1108 (8th Cir. 1998).

Although the Court finds nothing in the record that would create an inference of unlawful discrimination (other than the fact that Plaintiff is an African-American and male), the Court will nevertheless assume, for purposes of the motions under consideration, that Plaintiff has established a prima facie case. The burden then shifts to Defendant to articulate a legitimate, non-discriminatory reason for its failure to interview/hire Plaintiff. Defendant states that Plaintiff was not hired because other applicants possessed superior qualifications relative to the position as compared to those reported by Plaintiff in his employment application materials. On its face, this is a legitimate, non-discriminatory reason for choosing not to interview/hire Plaintiff.

The burden, therefore, then shifts back to Plaintiff to "'prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.'" Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000) (quoting Burdine, 450 U.S. at 253). Plaintiff can

withstand summary judgment if the evidence in its entirety: (1) creates a fact issue as to whether Defendant's proffered reasons are pretextual; and (2) creates a reasonable inference that race or gender was a determinative factor in the adverse employment decision. Rothmeier v. Inv. Advisors, Inc., 85 F.3d 1328, 1336-37 (8th Cir. 1996). Viewing the facts and inferences from the facts in the light most favorable to Plaintiff, the Court finds no evidence that creates a reasonable inference that race or gender was a determinative factor in Defendant's decision not to hire Plaintiff, nor does the Court find any evidence that could support an inference of pretext.

Plaintiff has offered nothing, other than self-serving allegations, to contest the validity or veracity of Defendant's stated reason for not interviewing/hiring him. Plaintiff alleges that Defendant "chose to misrepresent his qualifications," a decision he asserts ultimately lead Defendant to not grant an interview to Plaintiff. In response, Defendant attests by affidavit that it made a clerical error when compiling the master spreadsheet and that this error was not seen by any member of the screening panel before the decision was made to not grant Plaintiff an interview. Plaintiff has not refuted these attestations with any competent evidence. Thus, no genuine dispute of material fact exists about the circumstances surrounding Defendant's decision not to interview/hire Plaintiff.

Plaintiff further asserts that he was more qualified than the person ultimately hired for the position in question. In support of this assertion, Plaintiff has elaborated a great deal on his work history. But, as Defendant argues, this information was not contained within Plaintiff's application materials, and, therefore, could not have been

11

used in evaluating his application. "Although an employer's selection of a less qualified candidate 'can support a finding that the employer's nondiscriminatory reason for the hiring was pretextual,' it is the employer's role to '[i]dentify [] those strengths that constitute the best qualified applicant.'" Kincaid v. City of Omaha, 378 F.3d 799, 805 (8th Cir. 2004) (quoting Duffy v. Wolle, 123 F.3d 1026, 1037-38 (8th Cir. 1997)). "The employment-discrimination laws have not vested in the federal courts the authority to sit as super-personnel departments reviewing the wisdom or fairness of the business judgments made by employers." Hutson v. McDonnel Douglas Corp., 63 F.3d 771, 781 (8th Cir. 1995).

The only evidence that Plaintiff has offered to support his claim of gender discrimination is that six of the nine applicants who were granted interviews were female. This evidence that approximately 67% of the interviewees were female falls short of creating a reasonable inference that sex was a determinative factor in Defendant's choice of whom to grant an interview or whom to hire for the position. This evidence also does not support a reasonable inference of pretext. Therefore, Plaintiff's claim of gender discrimination also fails.

## **CONCLUSION**

Plaintiff has failed to produce any evidence to create a fact issue as to whether Defendant's proffered reason for not hiring him was pretextual. Nothing in the record creates a reasonable inference that race or gender was a factor in the adverse employment decision.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment is **GRANTED**. [Doc. #23]

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment is **DENIED**. [Doc. #26]

**IT IS FURTHER ORDERED** that all other pending motions are denied as moot.

A separate Judgment shall accompany this Memorandum and Order.

                                                   /s/ Audrey G. Fleissig
                                                 AUDREY G. FLEISSIG
                                                 UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of July, 2007.